UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARLEN ESPINOZA,<br><br>Plaintiff,<br><br>v.<br><br>HSBC BANK USA, NATIONAL ASSOCIATION, et al.,<br><br>Defendants. | Case No.  14-cv-03057-KAW<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND AND DENYING MOTION TO PROCEED IN FORMA PAUPERIS<br><br>Dkt. Nos. 1 & 2 |

The Court has received Plaintiff Marlen Espinoza's complaint and application to proceed *in forma pauperis* (IFP), both filed in this Court on July 3, 2014.  The Court may authorize a plaintiff to file an action in federal court without prepayment of fees or security if the plaintiff submits an affidavit showing that he or she is unable to pay such fees or give security therefor.  28 U.S.C. § 1915(a).  The IFP statute also provides that the Court shall dismiss the case if at any time the Court determines that the allegation of poverty is untrue, or that the action (1) is frivolous or malicious, (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).

Plaintiff's IFP application, however, is incomplete as filed, as she has not fully answered question number 2. If she has not received any income from those additional sources, she must check "no."  She has also not answered question number 4b.  In addition, this application is signed under penalty of perjury, so her response to question number 5, where she says that she does not own a home, contradicts some of the facts set forth in her complaint, which states that she is in possession of the Subject Property.  Plaintiff may resubmit an amended IFP application that is completed in full.

///

1   Additionally, it is impossible to discern from Plaintiff's complaint any of the essential
2   details of the events that triggered her lawsuit, or the legal theories under which she seeks relief.
3   Plaintiff has failed to set forth "a short and plain statement of the claim showing that the pleader is
4   entitled to relief" as required by Rule 8 of the Federal Rules of Civil Procedure. In particular, the
5   complaint is replete with factual inconsistencies, including where the Subject Property is located,
6   as there are at least two different addresses, and the complaint asserts that it is located in San
7   Mateo and Marin Counties, as wells as in Union City, which is in Alameda County.  There are
8   also conflicting dates regarding the date of loan origination.  Further, the complaint also mentions
9   Defendants Deutsche and PDS, but neither is a named defendant.  It is also unclear as to whether
10  Plaintiff is still in possession of the Subject Property or has an ownership interest, based on the
11  facts and the relief requested.  Lastly, it appears that Mr. Espinoza (whose first name is also
12  currently and impermissibly unknown), who is deceased according to Plaintiff's IFP application,
13  is the individual who entered into the residential mortgage loan. Therefore, it is unclear whether
14  Plaintiff has standing to proceed with this lawsuit.
15      Accordingly, pursuant to its authority under 28 U.S.C. § 1915(e)(2), the Court hereby
16  dismisses plaintiff's complaint with leave to amend.  Plaintiff shall file an amended complaint no
17  later than July 25, 2014 or the case may be dismissed.
18      IT IS SO ORDERED.
19  Dated: July 11, 2014

_____
KANDIS A. WESTMORE
United States Magistrate Judge

2